DoIt Hosp. Del. LLC v Reuben Bros. Ltd. (2023 NY Slip Op 06201)

DoIt Hosp. Del. LLC v Reuben Bros. Ltd.

2023 NY Slip Op 06201

Decided on November 30, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 30, 2023

Before: Kapnick, J.P., Webber, Singh, Moulton, Scarpulla, JJ. 

Index No. 650293/22 Appeal No. 1129 Case No. 2023-00696 

[*1]DoIt Hospitality Delaware LLC, Plaintiff-Appellant,
v
Reuben Brothers Limited, et al., Defendants-Respondents.

Morrison Cohen LLP, New York (Aaron B. Lauchheimer of counsel), for appellant.
Reed Smith LLP, New York (John C. Scalzo of counsel), for respondents.

Order, Supreme Court, New York County (Robert Reed, J.), entered February 5, 2023, which, insofar as appealed from as limited by the briefs, granted, based on the so-ordered hearing transcript, partial summary judgment dismissing plaintiff's second cause of action as duplicative of the first cause of action, unanimously affirmed, with costs.
Both the first cause of action alleging a violation of New York UCC Section 9-610(b) requirement that the disposition of collateral be "commercially reasonable" in terms of "method, manner, time and place," and the second cause of action alleging a breach of the Pledge and Security Agreement Section 8(c) requirement that a sale of the collateral at public auction be for "fair market value," require a showing by plaintiff that the auction here was a commercially reasonable sale. Even though that fact has not yet been established, the court correctly dismissed the second cause of action as duplicative of the first because plaintiff cannot show that the Section 8(c) language specifying that lender defendant Reuben Brothers was obligated to dispose of the collateral for fair market value imposed an obligation independent from and beyond the UCC commercially reasonable obligation, which, in the case of a properly conducted public auction, necessarily produces a sale for fair market value, consistent with the meaning of that term as used in Section 8(c) (see generally Matter of Excello Press, Inc. , 890 F2d 896 [7th Cir 1989]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 30, 2023